## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| **TEDDY PHILLIPS**, individually and on behalf of others similarly situated, | ) <br> ) Case No. <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) **CLASS AND COLLECTIVE ACTION** <br> ) **COMPLAINT** <br> ) |
| **ENERGIZER HOLDINGS, INC.**, | ) **JURY DEMAND INCLUDED HEREON** <br> ) |
| – and – | ) <br> ) |
| **ENERGIZER AUTO MANUFACTURING, INC.**, | ) <br> ) |
| Defendants. | ) |

Plaintiff Teddy Phillips ("Named Plaintiff") for his Complaint against Defendants Energizer Holdings, Inc. ("Defendant Energizer") and Energizer Auto Manufacturing, Inc. ("Defendant EAM"), alleges as follows:

### INTRODUCTION

1. This case challenges Defendants' policies and practices that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and the Ohio overtime compensation statute, Ohio Rev. Code § 4111.03, and the Ohio semi-monthly payment of wages statute Ohio Revised Code § 4113.15.

2. Named Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability prescribed [by the FLSA] may be maintained against any employer … by any one or more employees for and in behalf

1

of himself or themselves and other employees similarly situated." Named Plaintiff brings this case individually and on behalf of other similarly situated persons who may join this case pursuant to 29 U.S.C. §216(b) (the "Potential Opt-in Plaintiffs").

3.      Named Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons who assert factually related claims under Ohio's wage payment statutes (the "Ohio Class").

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over Named Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5.      This Court has supplemental jurisdiction over Named Plaintiff's claims under Ohio law because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6.      Venue is proper pursuant to 28 U.S.C. §1391(b). Defendants operate in, share a principal place of business in, and the events or omissions giving rise to Named Plaintiff's claims occurred in, this judicial District and Division.

## PARTIES

A. **Named Plaintiff**

7.      Named Plaintiff is a resident of Ohio who was jointly employed by Defendant as an hourly electrician from approximately August 2023 to April 2024.

8.      At all relevant times, Named Plaintiff and others similarly situated were "employees" within the meaning of the FLSA, 29 U.S.C. § 203(d), and corresponding provisions of Ohio law including the Ohio overtime compensation statute, Ohio Rev. Code § 4111.03, and the Ohio semi-monthly payment of wages statute, Ohio Revised Code § 4113.15.

9. At all relevant times, Named Plaintiff and those similarly situated were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

10. Named Plaintiff's written consent to join this action is attached as **Exhibit A**.

### B. Defendants

11. Defendant Energizer is a for-profit Missouri corporation, headquartered at 533 Maryville University Dr., Saint Louis, MO 63141-5801. It can be served at its registered agent: CT Corporation System, at 120 South Central Avenue, Saint Louis, MO 63105.

12. Defendant EAM is a for-profit Delaware corporation, headquartered at 533 Maryville University Dr., Saint Louis, MO 63141-5801. It can be served at its registered agent: CT Corporation System, at 120 South Central Avenue, Saint Louis, MO 63105.

13. At all relevant times, Defendants were individual and joint "employers" within the meaning of the FLSA, 29 U.S.C. § 203(d), and corresponding provisions of Ohio law including the Ohio overtime compensation statute, Ohio Rev. Code § 4111.03 and Ohio Revised Code §4113.15.

14. At all times relevant, Defendants, individually and jointly, constituted a single integrated enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

15. At all times relevant, Defendants jointly engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

16. At all times relevant, Defendants, individually and jointly, have an annual gross volume of sales made or business done of not less than $500,000.00.

## FACTUAL ALLEGATIONS

**A. Defendants have been individual and joint employers of Named Plaintiff and those similarly situated.**

17. Defendant Energizer is the parent company of Defendant EAM.

18. Defendants are jointly and severally liable for the overtime violations alleged herein as joint employers of Named Plaintiff and those similarly situated.

19. Defendants form a "single employer" because they are part of a single integrated enterprise and/or they are joint employers by jointly operating and providing services and maintaining interrelated operations, centralized control of labor relations, common management and common ownership, and financial control.

20. Defendants apply substantially the same employment policies, practices, and procedures to all employees across all locations, including policies, practices, and procedures relating to the payment of wages, overtime, and timekeeping.

21. At relevant times, Defendants shared direct or indirect control and authority over matters governing the essential terms and conditions of employment for Named Plaintiff and similarly situated employees.

22. At relevant times, Defendants shared direct or indirect control and authority over the working conditions of Named Plaintiff and those similarly situated.

23. At relevant times, Defendants jointly hired and fired employees, supervised and controlled the work scheduled and conditions of employees, determined the rate and method of pay, and/or maintained employee records.

24. The work performed by Named Plaintiff and similarly situated employees benefited all Defendants and directly or indirectly furthered their joint interests. Therefore, Defendants are joint employers of Named Plaintiff and other similarly situated employees.

4

25. At all relevant times, Defendants suffered or permitted Named Plaintiff and other similarly situated hourly employees to work. The work that Named Plaintiff and other similarly situated hourly employees performed was for Defendants' benefit and was integral and indispensable to the work they were hired to perform.

26. At all times relevant hereto, Defendants were fully aware of the fact that they were legally required to comply with the FLSA and Ohio law.

**B. Defendants failed to pay Named Plaintiff and those similarly situated for all time worked, resulting in unpaid overtime.**

27. At all relevant times, Named Plaintiff and other similarly situated employees were employed by Defendant as hourly, non-exempt employees and were routinely required to work more than 40 hours per workweek.

28. Named Plaintiff and all other similarly situated employees, including but not necessarily limited to those in maintenance and production, were required to report to work approximately seven minutes before their scheduled shift start time for a mandatory pre-shift meeting.

29. Named Plaintiff and all other similarly situated employees were not paid for the pre-shift meeting but were paid only at their shift start time.

30. Named Plaintiff and all other similarly situated employees were required to attend the pre-shift meeting without pay at Defendants' specific direction.

31. The pre-shift meeting was part of Named Plaintiff and all other similarly situated employees' regular workday and occurred during hours prescribed by Defendant.

32. The pre-shift meeting required by Defendant was integral and indispensable, and an intrinsic element of Named Plaintiff and similarly situated employees' jobs in that they received instructions and information necessary to perform their jobs.

33. The pre-shift meetings were unpaid compensable work.

34. Defendants' failure to pay Named Plaintiff and similarly situated employees for approximately seven minutes of the pre-shift meeting resulted in unpaid overtime in violation of the FLSA and Ohio law.

35. Defendant knowingly and willfully failed to pay Named Plaintiff and other similarly situated employees for approximately seven minutes of the pre-shift meetings.

## COLLECTIVE ACTION ALLEGATIONS

36. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

37. Named Plaintiff brings this case as a collective action pursuant to 29 U.S.C. §216(b) on behalf of himself and others similarly situated who have similar claims under the FLSA. The Potential Opt-in Plaintiffs are defined as:

> **All current and former non-exempt hourly employees that worked for Defendant within the three years preceding the filing of this Complaint to the present who were required to attend pre-shift meetings and who worked 40 or more hours, not including unpaid time spent at pre-shift meetings.**

38. Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were non-exempt hourly employees and all were subjected to and injured by Defendants' unlawful practice of failing to pay its non-exempt hourly for the approximate first seven minutes of work each work day resulting in unpaid overtime. All have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

39. FLSA notice of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

40.     The persons similarly situated to Named Plaintiff are readily identifiable through the payroll records Defendant has maintained, and were required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

## CLASS ACTION ALLEGATIONS

41.     Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

42.     Named Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and others similarly situated who have similar claims under the laws of the State of Ohio (the "Ohio Class"). The Ohio Class is defined as:

> **All current and former non-exempt hourly employees that worked for Defendant within the two years preceding the filing of this Complaint to the present who were required to attend pre-shift meetings and who worked 40 or more hours, not including unpaid time spent at pre-shift meetings.**

43.     The Ohio Class is so numerous that joinder of all class members is impracticable. The exact number of class members as well as their identities are ascertainable from the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

44.     There are questions of law or fact common to the Ohio Class, including but not limited to:

> Did Defendant have a policy or practice of failing to pay its hourly non-exempt employees for the first approximate seven minutes of work performed each workday?
>
> Did Defendant fail to pay Named Plaintiff and other Ohio Class members all the overtime pay they were owed?

45.     Named Plaintiff's claims are typical of the claims of other members of the Ohio Class. Named Plaintiff's claims arise out of the same uniform course of conduct by Defendant and are based on the same legal theories as the claims of other class members.

7

46. Named Plaintiff will fairly and adequately protect the interests of the Ohio Class. Named Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Named Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

47. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the class are common to the class and predominate over any questions affecting only individual class members.

48. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

49. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

50. Named Plaintiff brings this claim for violations of the FLSA's overtime provisions on behalf of himself and the Potential Opt-in Plaintiffs who may join this case pursuant to 29 U.S.C. § 216(b).

51. The FLSA required that Defendants' non-exempt hourly employees receive overtime compensation when they worked in excess of 40 hours in a workweek.

52. As hourly non-exempt employees, Named Plaintiff and the Potential Opt-in Plaintiffs should have been paid overtime compensation at the rate of one and one-half times their regular rate of pay when they worked more than 40 hours in a workweek.

53. Defendant failed to pay the required overtime compensation to Named Plaintiff and the Potential Opt-in Plaintiffs.

54. At all relevant times, Defendant knew that it was required to pay Named Plaintiff and the Potential Opt-in Plaintiffs overtime compensation.

55. By engaging in that practice, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

56. As a result of Defendants' violations of the FLSA, Named Plaintiff and the Potential Opt-in Plaintiffs were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. They are entitled to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). "The court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the Defendant, and costs of the action." *Id*.

## COUNT TWO
### (Ohio Overtime Violations)

57. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

58. Named Plaintiff and other similarly situated employees were not paid for approximately seven minutes of work time each day for attending a pre-shift meeting.

59. Named Plaintiff and other similarly situated employees regularly worked 40 or more hours per workweek for Defendant.

60. Defendants' practice and policy of not paying Named Plaintiff and other similarly situated employees for approximately seven minutes of work time each day for attending a pre-shift meeting resulted in Defendants' failure to pay Named Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek, in violation of the OMFWSA, R.C. 4111.03(A).

61. As a result of Defendants' practices, Named Plaintiff and other similarly situated Ohio Class employees have been damaged in that they have not received wages due to them pursuant to Ohio's wage and hour laws.

## COUNT THREE
### (Failure to Pay Wages on a Semimonthly Basis)

62. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

63. Ohio Revised Code § 4113.15(A) requires that Defendant pay Named Plaintiff and the Ohio Class all wages, including unpaid overtime, on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned during the last half of the preceding calendar month.

64. There is no dispute that Defendant has an obligation to pay employees for all hours worked. However, Defendant did not pay Named Plaintiff and the Ohio Class for the daily pre-shift meetings.

65. Named Plaintiff and the Ohio Class members' unpaid wages have remained unpaid for more than 30 days beyond their regularly scheduled payday in violation of Ohio Revised Code §4113.15(A), and therefore also have not been paid on a semi-monthly basis.

66. Named Plaintiff and the Ohio Class are entitled to unpaid wages and liquidated damages pursuant to Ohio Revised Code § 4113.15(A).

## PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff, on behalf of himself and all persons similarly situated, pray that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to the Potential Opt-in Plaintiffs informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Named Plaintiff and other members of the Ohio Class;

C. Enter judgment against Defendant and in favor of Named Plaintiff, the Potential Opt-in Plaintiffs, and the Ohio Class;

D. Award compensatory damages to Named Plaintiff, the Potential Opt-in Plaintiffs, and the Ohio Class in the amount of their unpaid wages as well as liquidated damages in an equal amount to Named Plaintiff and the Potential Opt-in Plaintiffs; and,

E. Award Named Plaintiff, the Potential Opt-in Plaintiffs, and the Ohio Class their costs and attorney's fees incurred in prosecuting this action.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Hans A. Nilges*
Hans A. Nilges (0076017 OH)
7034 Braucher Street, N.W., Suite B
North Canton, OH 44720
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com

Robi J. Baishnab (0086195 OH)*
1360 East 9th Street, Ste. 808
Cleveland, OH 44114
Telephone: (216) 230-2944
Facsimile: (330) 754-1430
Email: rbaishnab@ohlaborlaw.com

*Counsel for Named Plaintiff*

**admission pending*

## JURY DEMAND

Named Plaintiff hereby demands a trial by jury on all claims so triable.

*/s/ Hans A. Nilges*
*Counsel for Named Plaintiff*