# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **TEDDY PHILLIPS, *et al.*,** on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> **ENERGIZER AUTO MANUFACTURING, INC.,** <br><br> Defendant. | Case No. 4:24-cv-01026-JSD <br><br> Judge Matthew T. Schelp <br><br><br> **JOINT MOTION FOR APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT** |

Plaintiffs Teddy Phillips and Robert Freeman ("Plaintiffs") and Defendant Energizer Auto Manufacturing, Inc. ("Defendant") respectfully move this Court for an Order approving their Fair Labor Standards Act ("FLSA") and Ohio Minimum Fair Wage Standards Act ("OMFWSA") collective action settlement. The settlement was reached by experienced wage and hour counsel after arms-length, good faith settlement negotiations with a neutral third-party mediator.

The following documents are submitted for the Court's approval:

**Exhibit 1**: Joint Stipulation of Settlement and Release (the "Settlement" or "Agreement") and its Exhibit A (Notice of Settlement);

**Exhibit 2**: Declaration of Robi J. Baishnab; and,

**Exhibit 3**: Proposed Order Granting Joint Motion for Approval of FLSA and OMFWSA Collective Action Settlement and Dismissal with Prejudice.

For the reasons set forth in the attached Memorandum in Support, the Parties respectfully request that the Court approve the Settlement and dismiss this case with prejudice.

Respectfully submitted,

| | |
|---|---|
| **NILGES DRAHER LLC** | **HUSCH BLACKWELL LLP** |
| */s/ Robi J. Baishnab* | */s/ Scott D. Meyers (with permission)* |
| Robi J. Baishnab (0086195 OH) | Josef S. Glynias (54974 MO) |
| 1360 East 9th Street, Ste. 808 | Scott D. Meyers (68266 MO) |
| Cleveland, OH 44114 | 8001 Forsyth Boulevard, Suite 1500 |
| Telephone: 216-230-2944 | St. Louis, MO 63105 |
| Facsimile: 330-754-1430 | Telephone: 314-480-1500 |
| Email: rbaishnab@ohlaborlaw.com | Facsimile: 314-480-1505 |
| | Email: joe.glynias@huschblackwell.com |
| | scott.meyers@huschblackwell.com |
| Hans A. Nilges (0076017 OH) | |
| 7034 Braucher Street, NW, Suite B | *Counsel for Defendants* |
| North Canton, OH 44720 | |
| Telephone: 330-470-4428 | |
| Facsimile: 330-754-1430 | |
| Email: hans@ohlaborlaw.com | |

*Counsel for Plaintiffs*

### MEMORANDUM IN SUPPORT

I. **FACTUAL AND PROCEDURAL BACKGROUND**

    A. **Summary of the Claims and Defenses and Procedural History.**

On July 26, 2024, Plaintiff Phillips, on behalf of himself and others similarly situated, filed his original Complaint in the United States District Court for the Eastern District of Missouri, styled *Phillips v. Energizer Holdings, Inc., et al.*, Case No. 4:24-cv-01026-JSD (the "Action"). The Complaint asserted collective and class claims for unpaid overtime and untimely wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code Chapter 4111, and Ohio Rev. Code 4113.15. Specifically, the Complaint alleged that Defendant failed to pay for compensable pre-shift meetings, resulting in unpaid overtime in violations of the FLSA and Ohio law. (Doc. 1).

The Parties engaged in good faith, arm's length negotiations early on in the Action, with the Court approving their stipulated stay pending mediation. (ECF No. 9).

As part of the negotiations, Defendant provided Plaintiffs' Counsel time records and pay data for the putative collective/class. Each side created damages models, and Plaintiff' was shared with Defendants' Counsel and the mediator. The model, which served as a basis for negotiations. (Agreement at ¶ B; Baishnab Dec. at ¶ 13). The models included toggles to adjust for liquidated damages and applicable time periods, which recalculated damages in real time. (Baishnab Dec. at ¶ 13).

On February 25, 2025, the Parties participated in a full-day mediation before well-respected, third-party neutral, Francis X. Neuner, Jr., which resulted in settlement. (ECF 24).

An Amended Complaint was filed, with the written consent of Defendant, in which Opt-in Plaintiff Robert Freeman was added as a named Plaintiff. The Amended Complaint also added

allegations of other unpaid pre-shift work and rounding, and dropped Energizer Holdings, Inc. as a party-defendant. (ECF No. 27).

The Parties agree that Counsel for both sides investigated the facts relating to the claims alleged in the Action. The Parties engaged in extensive factual and legal discussion and correspondence regarding Plaintiffs' legal theories, the propriety of collective action treatment, and Defendant's defenses. Plaintiffs' Counsel and Named Plaintiffs have concluded that this Settlement, on the terms set forth in this Agreement, is fair, reasonable, adequate, and in the best interests of Named Plaintiffs and all Opt-In Party Plaintiffs because: (1) there are numerous disputed issues of fact and law relating to the claims sought to be asserted in the Action, including the scope of the Action; (2) there will be considerable expense and time necessary to prosecute the Action through trial, as well as risks, uncertainty, and costs of further prosecution; (3) it is possible that Plaintiffs may not be able to maintain the Action as a collective action under the FLSA or as a class action under Fed. R. Civ. 23; (4) there will be uncertainties of complex litigation; and (5) the relative benefits conferred upon Named Plaintiffs and the Opt-In Party Plaintiffs under this Agreement are substantial. (Agreement at ¶ H; Baishnab Dec. at ¶ 14).

Defendant denies Plaintiffs' allegations, and further deny any wrongdoing, or legal liability, under any federal, state, or local laws pertaining to payment of wages or compensation of any kind arising from any facts or conduct alleged in the Action. Defendant also denies that the Action is suitable for class or collective action litigation. Defendant has agreed to resolve all claims because: (1) further litigation would be protracted, expensive, and would divert management and employee time and attention; (2) there are uncertainties and risks inherent in complex litigation; and (3) a full and final settlement of the Action in the manner, and upon the terms, set forth in this Agreement provides certainty and finality to the end of this Action. (Agreement at ¶ I).

The Parties now seek approval of the Settlement, the terms of which are outlined in the attached Agreement. Neither Party makes any admissions or concessions as to the claims or defenses in the Action. Rather, this Settlement relieves the Parties of the burden, expense, risks, and uncertainty of litigation. (Agreement at ¶ G). A summary of the key terms of the settlement are outlined below.

      B.      **Summary of Key Settlement Terms.**

The total settlement amount is $306,250.00. This amount includes: (a) all individual payments to the Eligible Settlement Participants;[1] (b) service awards to the Plaintiffs in the amount of $2,000.00, each; (c) Plaintiffs' Counsel's attorneys' fees of one-third (1/3) ($102,083.33) and litigation expenses ($9,244.99) in the combined amount of $111,328.32; and (d) the cost of settlement administration. (Agreement, ¶ 7).[2]

If the Court approves the Settlement, a Notice of Collective Action Settlement will be sent to the Eligible Settlement Participants, along with their Settlement Award Checks. (*Id.*, at ¶¶ 10, 29). The Eligible Settlement Participants are not required to fill out a claim form to receive their Settlement Award Checks. The Settlement Administrator shall determine the amount of each of the Eligible Settlement Participants' Individual Settlement Award by calculating their respective *pro rata* share when comparing their weeks worked for Defendant to the total weeks worked by all other Eligible Settlement Participants during the Release Period of July 26, 2021, through February 25, 2025. (Agreement at ¶¶ 17–18, 35).

---

[1] Eligible Settlement Participants, as defined in the Agreement, are "the current and former non-exempt hourly employees that worked for Defendant in Ohio during the Release Period (defined below), and who worked 40 or more hours. Total Eligible Settlement Participants shall not exceed **382** individuals, and includes those for whom Defendant provided data upon which the damages model was created for mediation." (Agreement, ¶ 6).

[2] The Settlement Administration costs are estimated to not exceed $12,574.

3

The Settlement Administrator will mail reminder postcards to the Eligible Settlement Participants who have not cashed their Settlement Award Checks 90 days before the check void date, and against 30 days before the check void date. (Agreement at ¶ 54).

In exchange for the total settlement amount and other consideration provided for in the Agreement, this lawsuit will be dismissed with prejudice, and Plaintiffs and the Eligible Settlement Participants that cash their Settlement Award Checks will release Defendant from the Released Claims as outlined in the Agreement (*Id.* at ¶¶ 17–19; 55).

As outlined in the attached declaration from Plaintiffs' Counsel, a detailed risk assessment was conducted and a range of expected values were calculated. The total settlement amount falls within the range of reasonable calculated expected values. The average settlement payment is projected to exceed approximately $459. Accordingly, this supports Plaintiffs' Counsels view that the settlement is fair, reasonable, adequate, and in the best interests of Plaintiffs and the Eligible Settlement Participants. (Baishnab Dec. at ¶¶ 15-30).

In addition to the settlement payments to Plaintiffs and the Eligible Settlement Participants, the Agreement also provides for payment to Plaintiffs in the amount of $2,000 each in recognition of their efforts in bringing and prosecuting the Action on behalf of the Eligible Settlement Participants, and for being available throughout negotiations and mediation. Moreover, Plaintiffs provide broader releases against Defendant. (Agreement at ¶¶ 30–33).

II. **PROPRIETY OF APPROVAL OF THE SETTLEMENT**

The court presiding over the settlement of an FLSA and/or OFMWSA collective action may approve a proposed settlement after it "determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties." *Van Winkle v. Mick Keane's Express Delivery Service, Inc*, No. 4:21-CV-1213-NCC, 2022 U.S. Dist. LEXIS 69092, at *3 (E.D. Mo. Apr. 14, 2022) (quoting *Stainbrook v. Minnesota Department of Public Safety*,

4

239 F. Supp. 3d 1123, 1126 (D. Minn. 2017)).³ A bona fide dispute is present when the proposed settlement "reflects a reasonable compromise over issues actually in dispute." *King v. Raineri Constr., LLC*, No. 4:14-CV-1828 (CEJ), 2015 U.S. Dist. LEXIS 17215, at *4 (E.D. Mo. Feb. 12, 2015). A district court looks to a multitude of factors when determining whether a class action settlement is fair and equitable to all parties, including:

> (1) the stage of the litigation and the amount of discovery exchanged; (2) the experience of counsel; (3) the probability of the plaintiff's success on the merits; (4) any overreaching by the employer in the settlement negotiations; and (5) whether the settlement is the product of arm's length negotiations between represent parties based on the merits of the case.

*Johnson v. Himagine Solutions, Inc.*¸ No. 4:20-CV-00574-SPM, 2021U.S. Dist. LEXIS 118410, at *12-13 (E.D. Mo. June 25, 2021) (citing *Stainbrook*, 239 F. Supp. 3d at 1126). Application of these principles to the Settlement demonstrates that approval is warranted here.

### 1.     This litigation involves a bona fide dispute.

The Settlement represents a reasonable compromise over a bona fide dispute. The Parties engaged in substantial informal discovery before reaching a Settlement. That informal discovery allowed the Parties to fully assess the potential damages and their respective risks of loss. In addition, the Parties participated in an extensive mediation before a neutral, third-party mediator culminating in this settlement. (Baishnab Dec., ¶ 31).The Court has found that a bona fide dispute exists under similar circumstances. *See, e.g.*, *Del Toro v. Centene Management Co.*, No. 4:19-CV-

---

³ In July 2022, the Ohio General Assembly amended the statute, which for the purposes of settlement only, that Parties agree was intended to mirror the FLSA's "opt-in" collective action scheme. *See Garner v. Cleveland Clinic Fnd.*, 735 F. Supp. 3d 867, 872–79 (N.D. Ohio 2024) (holding that OMFWSA claim for unpaid overtime is not subject to Rule 23 but instead should follow the FLSA's collective action procedures); *Hine v. OhioHealth Corp.*, 680 F. Supp. 861 (S.D. Ohio 2023) (same); *Collins v. Greater Cincinnati Behavioral Health Servs.*, Case No. 1:23-cv-578, 2024 WL 149292 (S.D. Ohio Jan. 12, 2024) (same).

02635-JAR, 2021 U.S. Dist. LEXIS 86088, at *4–5 (E.D. Mo. May 5, 2021) (noting that the parties "exchanged substantial documentation" and participated in mediation); *Ezell v. Acosta, Inc.*, No. 4:16-CV-870 RLW, 2019 U.S. Dist. LEXIS 229283, at *2 (E.D. Mo. Apr. 4, 2019) (noting that the parties exchanged discovery and engaged in mediation).

### 2. The current stage of the litigation and the discovery exchanged favor approval.

Although the Parties engaged in early settlement discussions, they also engaged in substantial informal discovery and spent considerable time analyzing that discovery to fully evaluate the potential damages and risks of loss in the Action. (Baishnab Dec. at ¶¶ 13-31). This allowed the Parties to weigh the risks and possible outcomes of the case and ensured that their negotiations were based on facts and data. *See Johnson*, 2021 U.S. Dist. LEXIS 118410, at *13 ("[t]he amount of information exchanged suggests that the parties have had a substantial opportunity to analyze liability, determine potential damages, and assess the risk associated with the claims alleged").

If forced to litigate this case further, the Parties would certainly engage in complex, costly, and protracted litigation. Even if Plaintiffs were to ultimately prevail in that matter, it could take several years of litigation for them to finally receive any compensation. In this case, the Settlement provides substantial relief to the Plaintiffs and the Eligible Settlement Participants promptly and efficiently and amplifies the benefits of that relief through the economies of collective resolution. (Baishnab Dec. at ¶ 32).

### 3. Both Parties have retained experienced counsel.

Plaintiffs have been represented by experienced counsel at all stages of this litigation. Plaintiffs' Counsel has litigated over 300 wage and hour collective and class action lawsuits collectively in both federal and state court and arbitration. Defendant has also been represented by

6

experienced counsel throughout this litigation. The high level of experience of the Parties' counsel favors approval of the proposed settlement. (*Id*., at ¶¶ 5-12, 31).

### 4. The probability of Plaintiffs' success on the merits favors approval.

Counsel for both sides believe in the merits of their clients' positions, while also recognizing that continued litigation will be uncertain in terms of duration, cost, and result. For example, Defendant raised defenses to Plaintiffs' claims, including but not limited to, a lookback period of two years (instead of three years as provided for by the Settlement) and whether they acted in good faith. The Parties dispute as to whether any overtime is owed, whether collective/class treatment is appropriate, and what a jury award would be, if any. Accordingly, if this case is not settled, it is possible that the Plaintiffs and the Eligible Settlement Participants would receive no compensation or, if they did receive compensation, it would be reduced and only after protracted litigation.

Further, the settlement fell within the range of calculated expected values ("EV"). (Baishnab Dec., ¶ 30). Courts have routinely found settlements fair and reasonable where there is a genuine dispute of fact regarding whether the employer violated applicable wage and hour laws, and the settlement amount is within the range of possible expected values. For example, Judge Posner writing for a Seventh Circuit panel concluded that an EV is the proper method for determining the fairness of a class settlement: "A settlement is fair to the plaintiffs in a substantive sense…if it gives them the expected value of their claim if it went to trial…." *Mars Steel Corp. v. Continental Ill. Nat'l Bank & Trust*, 834 F.2d 677, 682 (7th Cir. 1987) (explaining an EV calculation where a settlement of $7 million would be justified even where theoretical damages not accounting for compounded risk of loss could be up to $1 billion); *see also*, *Siddiky v. Union Square Hosp. Grp.*, 2017 U.S. Dist. LEXIS 75301, at *16 (S.D.N.Y. May 17, 2017); *Anderson v. Torrington Co.*, 755 F. Supp. 834, 838 (N.D. Ind. 1991); *Chase v. Viaquest Residential Servs.*,

7

S.D. Ohio No. 22-cv-1974, 2023 U.S. Dist. LEXIS 41416, at *3-4 (Mar. 10, 2023); *Cheikh Fassa, ex rel. Himself & Others Similarly Situated v. Express Inc.*, S.D. Ohio No. 2:21-c:22-cv-v-542, 2022 U.S. Dist. LEXIS 73599, at *4 (Apr. 5, 2022); *Johnson v. Centor, Inc.*, No. 5:19-cv-2622, 2021 U.S. Dist. LEXIS 213003, at *3 (N.D. Ohio Nov. 4, 2021).

By settling the case at this relatively early stage of the litigation, the Parties bypass the inherent risks of litigation and achieve finality on this matter. This factor favors approval of the settlement. *Johnson*, 2021 U.S. Dist. LEXIS 118410, at *14–15 (finding that the proposed settlement "represents a fair and reasonable resolution of the claims in light of the risks of a lower recovery or even no recovery").

**5.   There was no overreaching by Defendant in the settlement negotiations.**

As noted above, Plaintiffs and the Eligible Settlement Participants were represented by counsel with extensive experience litigating wage and hour collective and class actions. The Settlement was also only reached after a lengthy mediation conference with an experienced wage and hour mediator. These facts suggest that there was no overreaching by Defendants during the settlement negotiations, and that the proposed settlement should be approved. 2021 U.S. Dist. LEXIS 118410, at *14–15 (explaining that given the experience of plaintiff's counsel and the fact that the parties reaching a settlement through mediation with an experienced mediator, there was no reason to believe there was any overreaching by the employer).

**6.   The proposed settlement was the product of arm's length negotiations.**

Finally, the Settlement should be approved because it was the product of arm's length negotiations in front of an experienced and neutral third party. These negotiations were conducted based on the merits of the case and favor the approval of the proposed settlement. (Baishnab Dec. at ¶ 31).

**B.   <u>The Settlement distributions are fair, reasonable, and adequate.</u>**

8

As a part of the scrutiny it applies to an FLSA collective action settlement, the Court must examine the distribution of any service awards as well as attorney's fees and costs. Here, all components of the proposed distribution are proper and reasonable, and the Settlement as a whole is fair, reasonable and adequate for Plaintiffs and the Eligible Settlement Participants.

### 1. Representative Plaintiffs' Service Awards are proper and reasonable.

The Agreement provides for a service award of $2,000 to each Plaintiff, in addition to their individual settlement payments. (Agreement, ¶ 30). Courts in the Eighth Circuit evaluate the appropriateness of service awards based on: (1) actions that the plaintiff took to protect the class's interests; (2) the degree to which the class has benefitted from those actions; and (3) the amount of time and effort plaintiff expended in pursuing litigation. *Johnson* 2021 U.S. Dist. LEXIS 118410, at *16 (citing *In re U.S. Bancorp Litig.*, 291 F.3d 1035, 1038 (8th Cir. 2002)). All three factors favor Plaintiffs receiving a service award.

Here, Plaintiffs contributed significant time, effort, and detailed factual information enabling counsel to evaluate the strength of this case. They also assisted counsel in each step of the litigation up to and including reaching a settlement of this matter that, in counsel's opinion, fairly and adequately compensates the Eligible Settlement Participants for their alleged unpaid overtime. Moreover, Plaintiffs took reputational risks by attaching their names to the litigation for the betterment of the Eligible Settlement Participants. (Baishnab Dec., at ¶ 33). Further, Defendant agrees this request is reasonable and do not oppose it. (Agreement at ¶ 30).

### 2. The attorneys' fees to Plaintiffs' Counsel are proper and reasonable.

After the Court has confirmed that the terms of settlement are fair to the Plaintiffs and the Eligible Settlement Participants, it reviews the Parties' agreement as to the provision of fees and costs to Plaintiffs' Counsel. The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant,

9

and the costs of the action." 29 U.S.C. § 216(b). The Eighth Circuit has held that when examining fees that parties have already agreed to "any required review need not be a line-by-line, hour-by-hour review." *Melgar v. OK Foods*, 902 F.3d 775, 779 (8th Cir. 2018). Instead, courts assess whether the fees are fair and reasonable by considering (1) whether the fee is fixed or contingent; (2) the amount involved and the results obtained; (3) the novelty and difficulty of the questions; (4) the experience, reputation, and ability of the attorneys; and (5) awards in similar cases. *Del Toro v. Centene Management Co.*, No. 4:19-CV-02635-JAR, 2021 U.S. Dist. LEXIS 86088 at *7 (E.D. Mo. May 5, 2021) (citing *Keil v. Lopez*, 862 F.3d 685, 703 (8th Cir. 2017)).

Here, Plaintiffs are requesting that the Court approve reasonable attorneys' fees of one-third of the total settlement amount. This Court has recognized that the "'percentage of the benefit' approach to calculating fees is appropriate as long as the fees are fair and reasonable." *Del Toro*, 2021 U.S. Dist. LEXIS 86088 at *8. The one-third sought by Plaintiffs here is well within the range of awards frequently granted by courts within the Eighth Circuit and indeed is below the higher end of that range. *See, e.g.*, *Huyer v. Buckley*, 849 F.3d 395, 398 (8th Cir. 2017) (approving fees of one third the total settlement fund and noting that "courts have frequently awarded attorneys' fees ranging up to 36% in class actions"); *Del Toro*, 2021 U.S. Dist. LEXIS 86088 at *10 (approving attorneys' fees of 35% of a settlement fund in a wage and hour case); *Johnson*, 2021 U.S. Dist. LEXIS 118410, at *20 (E.D. Mo. June 25, 2021) (approving attorneys' fees of 33% of a settlement fund in a wage and hour case); *Salone v. Cushman*, No. 4:21 CV 1151, 2023 U.S. Dist. LEXIS 22112 at *6 (E.D. Mo. Feb. 9, 2023) (approve attorneys' fees of one-third of total settlement amount in wage and hour case). Moreover, it is consistent with what other courts have awarded Plaintiffs' Counsel in wage and hour class and collective actions. (Baishnab Dec., ¶34).

10

The other factors also weigh in favor of approving Plaintiffs' request for attorneys' fees. Plaintiffs' Counsel agreed to take this case on a contingency basis, accepting the risk that there could be no recovery. Counsel also agreed to advance all litigation fees, costs, and expenses. (*Id.* at, ¶ 34). Further, Defendant agrees that this request is reasonable and does not oppose it. (Agreement at ¶ 41).

### 3. The Court should authorize reimbursement to Plaintiffs' Counsel of their out-of-pocket expenses incurred in this case.

Plaintiffs' Counsel should also be reimbursed for their out-of-pocket expenses and costs. (*See* Baishnab Dec. at ¶ 35). By agreeing to advance all litigation fees, costs, and expenses, counsel afforded Plaintiffs the opportunity to pursue the interests of the class without incurring his own costs along the way. This Court has recently approved the recovery of similar litigation costs. *Johnson*, 2021 U.S. Dist. LEXIS 118410, at *23; *Del Toro*, 2021 U.S. Dist. LEXIS 86088 at *10.

## III. CONCLUSION.

The Parties submit that the Settlement is a fair and reasonable resolution of the disputed issues, which is consistent with the goal of securing the just, speedy, and inexpensive determination of every action. Accordingly, the Parties request that this Court: (1) enter the proposed Order Granting Joint Motion for Approval of Collective Action Settlement and Dismissal With Prejudice; (2) approve Plaintiffs' Counsel's request for attorney fees and litigation expenses; (3) approve the requested service payments to Plaintiffs; and (4) retain jurisdiction to enforce the settlement if necessary.

Respectfully submitted,

| | |
|---|---|
| **NILGES DRAHER LLC** | **HUSCH BLACKWELL LLP** |
| */s/ Robi J. Baishnab* | */s/ Scott D. Meyers (with permission)* |
| Robi J. Baishnab (0086195 OH) | Josef S. Glynias (54974 MO) |
| 1360 East 9th Street, Ste. 808 | Scott D. Meyers (68266 MO) |
| Cleveland, OH 44114 | 8001 Forsyth Boulevard, Suite 1500 |
| Telephone: 216-230-2944 | St. Louis, MO 63105 |
| Facsimile: 330-754-1430 | Telephone: 314-480-1500 |
| Email: rbaishnab@ohlaborlaw.com | Facsimile: 314-480-1505 |
| | Email: joe.glynias@huschblackwell.com |
| Hans A. Nilges (0076017 OH) | scott.meyers@huschblackwell.com |
| 7034 Braucher Street, NW, Suite B | |
| North Canton, Ohio 44720 | *Counsel for Defendants* |
| Telephone: 330-470-4428 | |
| Facsimile: 330-754-1430 | |
| Email: hans@ohlaborlaw.com | |

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

    I hereby certify that on April 28, 2025, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                                                            */s/ Robi J. Baishnab*
                                                                                            *Counsel for Plaintiffs*