## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| **TEDDY PHILLIPS, *et al.*,** on behalf of themselves and others similarly situated, | )<br>)<br>) |
| Plaintiffs, | ) Case No. 4:24-cv-01026-JSD<br>)<br>) |
| vs. | )<br>) |
| **ENERGIZER AUTO MANUFACTURING, INC.,** | )<br>)<br>) |
| Defendant. | )<br>) |

### ORDER APPROVING FLSA COLLECTIVE ACTION SETTLEMENT

Plaintiffs Teddy Phillips and Robert Freeman ("Plaintiffs") and Defendant Energizer Auto Manufacturing, Inc. ("Defendant") (collectively, the "Parties") have moved the Court to approve settlement of claims brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b) and Ohio Minimum Fair Wage Standards Act ("OMFWSA"), to approve the requested Service Awards (as defined and outlined in the Collective Action Settlement Agreement and Release) (the "Agreement"), a copy of which was attached as Exhibit 1 to the Parties' Joint Motion for Approval of FLSA Collective Action Settlement ("Joint Motion"), and to approve Plaintiffs' Counsel's requested fees and expenses (as defined and outlined in the Agreement).

Having reviewed the Agreement, as well as the Parties' Joint Motion, the declaration appended thereto, and the pleadings and papers on file in this case (the "Action"), and for good cause established therein, the Court hereby approves settlement of the wage and hour claims as provided in the Agreement as follows:

1. Settlement of FLSA claims is subject to approval by the Court. For purposes of this Approval Order, the Court further incorporates by reference the terms and definitions as set forth in the Agreement.

2. On July 26, 2024, Plaintiff Phillips, on behalf of himself and others similarly situated, filed his original Complaint in the United States District Court for the Eastern District of Missouri, styled *Phillips v. Energizer Holdings, Inc., et al.*, Case No. 4:24-cv-01026-JSD (the "Action"). The Complaint asserted collective and class claims for unpaid overtime and untimely wages under the FLSA, the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code Chapter 4111, and Ohio Rev. Code 4113.15. Specifically, the Complaint alleged that Defendant failed to pay for compensable pre-shift meetings, resulting in unpaid overtime in violations of the FLSA and Ohio law.

3. The Parties engaged in good faith, arm's length negotiations, and on February 25, 2025, the Parties participated in a full-day mediation before well-respected, third-party neutral, Francis X. Neuner, Jr., which resulted in settlement.

4. Defendant filed its Answer in which it denied all liability, and Defendant continues to deny Plaintiffs, claims and any liability.

5. The Agreement provides for collective-wide settlement, notice to Eligible Settlement Participants, along with settlement checks, as outlined in the Agreement.

6. The Agreement was achieved after arm's-length and good faith negotiations between the Parties and their counsel, who have extensive experience litigating FLSA and various state wage and hour claims. Settlement was facilitated by a third-party neutral.

7. Plaintiffs' Counsel performed a calculated expected value, and the total settlement amount is within the range of calculated expected values, according to Plaintiffs' Counsel's risk

analysis models. Judge Posner writing for a Seventh Circuit panel concluded that an EV is the proper method for determining the fairness of a class settlement: "A settlement is fair to the plaintiffs in a substantive sense…if it gives them the expected value of their claim if it went to trial…." *Mars Steel Corp. v. Continental Ill. Nat'l Bank & Trust*, 834 F.2d 677, 682 (7th Cir. 1987) (explaining an EV calculation where a settlement of $7 million or more would be justified even where theoretical damages not accounting for compounded risk of loss could be up to $1 billion); *see also*, *Siddiky v. Union Square Hosp. Grp.*, 2017 U.S. Dist. LEXIS 75301, at *16 (S.D.N.Y. May 17, 2017); *Anderson v. Torrington Co.*, 755 F. Supp. 834, 838 (N.D. Ind. 1991); *Chase v. Viaquest Residential Servs.*, S.D. Ohio No. 22-cv-1974, 2023 U.S. Dist. LEXIS 41416, at *3-4 (Mar. 10, 2023); *Cheikh Fassa, ex rel. Himself & Others Similarly Situated v. Express Inc.*, S.D. Ohio No. 2:21-c:22-cv-v-542, 2022 U.S. Dist. LEXIS 73599, at *4 (Apr. 5, 2022); *Johnson v. Centor, Inc.*, No. 5:19-cv-2622, 2021 U.S. Dist. LEXIS 213003, at *3 (N.D. Ohio Nov. 4, 2021).

8.  Accordingly, the Court approves as fair, reasonable, and adequate settlement of the claims made pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) and Ohio law as outlined in the Agreement.

9.  The Court approves the content, form, and distribution of the Notice of Settlement and distribution of payments as outlined in the Agreement.

10. The Court approves the Service Awards for Named Plaintiffs in recognition of, and in consideration for, their substantial assistance rendered to Plaintiffs' Counsel and in pursuing the rights of all Eligible Settlement Members, as provided in the Agreement.

11. The Court approves the payment of Plaintiffs' Counsel's attorneys' fees and expenses as provided in the Agreement. Plaintiffs' Counsel has significant experience litigation

wage and hour cases, and fees of one-third (1/3) of common fund are typical for FLSA collective actions in this District.

12. The Court orders that payments from the Global Settlement Fund, including Service Awards, Plaintiffs' Counsel's attorneys' fees and costs, distributions to Claimants, and settlement administration costs be distributed in the manner, and subject to the terms and conditions, set forth in the Agreement.

13. The Court dismisses, with prejudice, the claims of the Named Plaintiffs, individually and on behalf of the Claimants, as provided in the Agreement.

14. The Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Order Granting Approval of FLSA Settlement immediately.

15. The Court retains jurisdiction over the Action to enforce the terms of the Agreement.

IT IS SO ORDERED this 30th day of April, 2025.

JOSEPH S. DUEKER
UNITED STATES MAGISTRATE JUDGE